```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
:
LAWRENCE BELL,                         :
                                       :
         Petitioner,                   :   Civ. No. 15-5497 (NLH)
                                       :
    v.                                 :   OPINION
                                       :
PATRICK NOGAN, et al.,                 :
                                       :
         Respondents.                  :
_____:

APPEARANCES:
Lawrence Bell, #115854/858703B
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065
    Petitioner, Pro se

Robin A. Hamett, Esq.
Assistant Prosecutor
Camden County Prosecutor's Office
25 N. Fifth Street
Camden, NJ 08102
    Counsel for Respondents

HILLMAN, District Judge

    Petitioner Lawrence Bell, a prisoner confined at the East Jersey State Prison in Rahway, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1992 New Jersey state court conviction. (ECF No. 1). On or about November 18, 2015, Petitioner filed a Motion for a Stay of the habeas proceeding so that he could "proceed back to State court to pursue a motion to correct an illegal sentence[.]" (Mot. 1, ECF No. 9). Respondents do not object to Petitioner's request

for a stay. For the reasons set forth below, Petitioner's Motion for a Stay will be DENIED.

### I.     MOTION FOR STAY

A. Standard

A petitioner seeking federal habeas review must exhaust state court remedies for all grounds for relief asserted in a habeas petition. 28 U.S.C. § 2254(b)(1)(A); Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004). It is therefore proper and routine for district courts to dismiss habeas petitions containing both unexhausted and exhausted claims (so-called "mixed petitions") so as to allow the State courts the first opportunity to address the petitioner's constitutional claims. Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Despite this "total exhaustion" rule, the Third Circuit has recognized that, in some circumstances, dismissing a "mixed petition" may time-bar a petitioner from federal court under the one-year statute of limitations for § 2254 claims imposed by the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 3344(d). See Crews, 360 F.3d at 151 ("AEDPA's limitations period may act to deprive a petitioner of a federal forum if dismissal of the habeas petition is required") (citing Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir. 2001)). Accordingly, the Third Circuit has held that "[s]taying a habeas

2

petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." See Crews, 360 F.3d at 151.

The Supreme Court likewise has acknowledged there could be circumstances where dismissal of a mixed petition for exhaustion would result in the one-year habeas statute of limitations expiring before the petitioner was able to return to federal court. See Rhines v. Weber, 544 U.S. 269, 272-73 (2005).  The Court held that, in limited circumstances, district courts have discretion to hold a habeas proceeding in stay and abeyance while the petitioner exhausts his unexhausted claims in state court. Id. at 277.  A stay and abeyance is available only when the petitioner had good cause for failing to exhaust his claims; and only if the claims have potential merit. Id. at 277-78.

Though "[f]ew courts have provided guidance as to what constitutes 'good cause' for failing to exhaust a claim in state court within the meaning of Rhines," the Third Circuit emphasizes "the need to be mindful of Justice Stevens's concurrence in Rhines, which cautions that ... [the requirement] is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary pro se prisoner[.]'" Locust v. Ricci, No. 08-2713, 2010 WL 1463190, at *10 (D.N.J.

3

Apr. 12, 2010) (quoting <u>Ellison v. Rogers</u>, 484 F.3d 658, 662 (3d Cir. 2007) (citations omitted)).

    1. <u>Analysis</u>

    As set forth above, a stay and abeyance is only appropriate when a petitioner demonstrates good cause for failing to exhaust, and only if the unexhausted claims are not plainly meritless. <u>Rhines</u>, 544 U.S. at 277-78.

    Here, Petitioner has not provided any information regarding the claims he wishes to pursue in state court. The two grounds for relief which Petitioner asserts in his Petition appear to have been presented to the state courts — either in Petitioner's motion for a new trial or in his second application for Post-Conviction Relief. (Pet. 20-23, ECF No. 1). Therefore, at this time the Court does not construe the instant Petition as a "mixed" petition, and the two claims of the Petition are not those which Petitioner presently wishes to exhaust in state court.

    The substance of Petitioner's motion for a stay is limited to a single paragraph in which he seeks "an Order granting petitioner permission to proceed back to State court to pursue a motion to correct an illegal sentence and to hold his § 2254 petition in abeyance." (Mot. 1, ECF No. 9). Without any information as to what claims he seeks to pursue in state court, this Court is unable to determine that the unexhausted claims

4

are potentially meritorious. Rhines, 544 U.S. at 277-78. Additionally, because he provides no explanation as to and why he did not, or could not, previously raise these claims in state court, Petitioner has not demonstrated "good cause" for failing to exhaust these unknown claims. Id. The fact that Respondents do not object to Petitioner's request for a stay does not change this Court's analysis under Rhines.

Therefore, a stay and abeyance is inappropriate and Petitioner's Motion to Stay (ECF No. 9) will be DENIED. This denial is without prejudice to Petitioner filing a future motion for stay and abeyance which addresses the Rhines factors.

## II. RESPONDENTS' ANSWER

Respondents have received several extensions of time in which to file their Answer. Presently, their Answer is past due and a third extension request is pending. (ECF No. 15). The Court will grant Respondents until March 21, 2016 to file their Answer. Absent exceptional circumstances, no further extensions will be given.

## III. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Stay (ECF No. 9) is DENIED without prejudice. Respondents shall file a

full and complete Answer to the Petition no later than March 21, 2016.

An appropriate Order will be entered.

                                          ___s/ Noel L. Hillman_____
                                          NOEL L. HILLMAN
                                          United States District Judge

Dated: February 24, 2016
At Camden, New Jersey