```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
_____
                                    :
LAWRENCE BELL,                      :
                                    :
          Petitioner,               :   Civ. No. 15-5497 (NLH)
                                    :
     v.                             :   OPINION
                                    :
PATRICK NOGAN, et al.,              :
                                    :
          Respondents.              :
_____:
```

APPEARANCES:
Lawrence Bell, #115854/858703B
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065
    Petitioner, Pro se

Robin A. Hamett, Esq.
Assistant Prosecutor
Camden County Prosecutor's Office
25 N. Fifth Street
Camden, NJ 08102
    Counsel for Respondents

HILLMAN, District Judge

    This matter is presently before the Court upon a motion to stay by Petitioner Lawrence Bell. (ECF No. 22).  Respondent opposes the motion. (ECF No. 23).  The Court has read the submissions of the parties and considers this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons discussed below, Petitioner's motion will be DENIED.

I.  BACKGROUND AND PROCEDURAL HISTORY

On or about July 1, 2015, Petitioner Lawrence Bell, a prisoner confined at the East Jersey State Prison in Rahway, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1992 New Jersey state court conviction. (ECF No. 1).  On or about November 18, 2015, Petitioner filed a motion for a stay of the habeas proceeding ("First Motion for Stay") so that he could "proceed back to State court to pursue a motion to correct an illegal sentence[.]" (First Mot. for Stay 1, ECF No. 9).  Respondents did not object to Petitioner's request for a stay.  Nevertheless, because Petitioner had failed to demonstrate good cause for failing to exhaust, and because he did not identify the unexhausted claims so that this court could asses their potential merit, the motion was denied without prejudice.

On March 21, 2016, Respondents filed their Answer to the Petition. (ECF No. 20).  Petitioner then filed the instant motion ("Second Motion for Stay") in which he renews his request for a stay. (ECF No. 22).  Respondents oppose the motion. (ECF No. 23).

II.  MOTION FOR STAY

A. Standard

A petitioner seeking federal habeas review must exhaust state court remedies for all grounds for relief asserted in a

2

habeas petition. 28 U.S.C. § 2254(b)(1)(A); Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).  It is therefore proper and routine for district courts to dismiss habeas petitions containing both unexhausted and exhausted claims (so-called "mixed petitions") so as to allow the State courts the first opportunity to address the petitioner's constitutional claims. Rose v. Lundy, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L.Ed.2d 379 (1982).

Despite this "total exhaustion" rule, the Third Circuit has recognized that, in some circumstances, dismissing a "mixed petition" may time-bar a petitioner from federal court under the one-year statute of limitations for § 2254 claims imposed by the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 3344(d). See Crews, 360 F.3d at 151 ("AEDPA's limitations period may act to deprive a petitioner of a federal forum if dismissal of the habeas petition is required") (citing Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir. 2001)). Accordingly, the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." See Crews, 360 F.3d at 151.

The Supreme Court likewise has acknowledged there could be circumstances where dismissal of a mixed petition for exhaustion

would result in the one-year habeas statute of limitations expiring before the petitioner was able to return to federal court. See Rhines v. Weber, 544 U.S. 269, 272–73 (2005).  The Court held that, in limited circumstances, district courts have discretion to hold a habeas proceeding in stay and abeyance while the petitioner exhausts his unexhausted claims in state court. Id. at 277.  A stay and abeyance is available only when the petitioner had good cause for failing to exhaust his claims; and only if the claims have potential merit. Id. at 277–78.

Though "[f]ew courts have provided guidance as to what constitutes 'good cause' for failing to exhaust a claim in state court within the meaning of Rhines," the Third Circuit emphasizes "the need to be mindful of Justice Stevens's concurrence in Rhines, which cautions that ... [the requirement] is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary pro se prisoner[.]'" Locust v. Ricci, No. 08-2713, 2010 WL 1463190, at *10 (D.N.J. Apr. 12, 2010) (quoting Ellison v. Rogers, 484 F.3d 658, 662 (3d Cir. 2007) (citations omitted)).

B. Analysis

As set forth above, and as explained in this Court's previous Opinion (ECF No. 17), a stay and abeyance is only appropriate when a petitioner demonstrates good cause for

4

failing to exhaust, and only if the unexhausted claims are not plainly meritless. <u>Rhines</u>, 544 U.S. at 277-78.

In his motion, Petitioner explains that he is requesting a stay and abeyance in order

> to be able to include the claims raised in the motion to correct an illegal sentence in his one and all inclusive § 2254 petition.  The claims raised in the pending State motion are that petitioner's sentence of Life serve [sic] 55 years is unconstitutional because New Jersey's sentencing scheme prohibits a sentencing judge's use of a petitioner's youthfulness as a mitigating factor for a fourteen year old juvenile waived up as an adult except [sic]; and that petitioner's sentence constitutes a de facto sentence of Life without parole.

(Second Mot. for Stay 1-2, ECF No. 22).

Petitioner asserts that he raised these claims pursuant to the Supreme Court's holdings in <u>Miller v. Alabama</u>, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), and <u>Montgomery v. Louisiana</u>, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016), <u>as revised</u> (Jan. 27, 2016).  Presumably, then, Petitioner seeks to amend his Petition to assert these claims in the instant federal habeas petition, and wishes to hold this case in stay and abeyance while he exhausts them in state court.

As an initial matter, Petitioner has not sought to amend his Petition to add claims for relief pursuant to the holdings in <u>Miller</u> and <u>Montgomery</u>.  Nevertheless, even assuming the Court would grant such a request, a stay is not warranted because any

5

claims pursuant to Miller are plainly without merit given the facts of this case. See Rhines, 544 U.S. at 277-78.

Specifically, in order for a writ of habeas corpus to issue, the decision of the state court must have been "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).  A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06, 120 S.C t. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., for the Court, Part II).

Here, Petitioner's claim is that his sentence is in violation of the Supreme Court's holding in Miller, which, pursuant to the decision in Montgomery, 136 S. Ct. at 734, applies retroactively.  However, in Miller the Supreme Court held that "a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders" violates the Eighth Amendment. 132 U.S. at 2469.  In contrast, Petitioner in this case was not sentenced to life in prison without the possibility of parole.  Rather, Petitioner in this case was

6

sentenced to life with a 55-year period of ineligibility.  Thus, the facts of the instant case are "not materially indistinguishable" from the facts of Miller and its progeny.  See, e.g., Demirdjian v. Gipson, No. 09-56453, 2016 WL 4205938, at *13 (9th Cir. Aug. 10, 2016) (holding that because petitioner would be eligible for parole when he was 66 years old, his sentence did not trigger the application of Miller) (citing Lockyer v. Andrade, 538 U.S. 63, 64, 123 S. Ct. 1166, 1169, 155 L. Ed. 2d 144 (2003) (reasoning that a sentence of two consecutive terms of 25 years to life was "materially []distinguishable" from a sentence of life without parole)); Benjamin v. Walker, No. 06-0692, 2015 WL 164817, at *11 (C.D. Cal. Jan. 11, 2015) (finding Miller and related cases inapplicable because Petitioner was not sentenced to life without the possibility of parole).

    Because Petitioner in this case did not receive a sentence of life without parole, Miller is inapplicable.  Although Petitioner argues that the length of his sentence "constitutes a de facto sentence of life without parole" (Second Mot. to Stay 1-2, ECF No. 22), "the Supreme Court has not yet explicitly held that the Eighth Amendment extends to juvenile sentences that are the functional equivalent of life, and given the fact that lower courts are divided about the scope of Miller, [the New Jersey state court] decisions were not contrary to, or an unreasonable

7

application of, clearly established federal law as defined by the Supreme Court." <u>Starks v. Easterling</u>, No. 14-6230, 2016 WL 4437588, at *3 (6th Cir. Aug. 23, 2016) (citations omitted).

Accordingly, Petitioner's claims under <u>Miller</u> are plainly without merit, and a stay in abeyance is inappropriate. <u>Rhines</u>, 544 U.S. at 277-78.  Petitioner's Second Motion to Stay (ECF No. 22) will be DENIED.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's Second Motion to Stay (ECF No. 22) is DENIED.  The Petition will be ruled upon in due course.

An appropriate Order will be entered.

      __s/ Noel L. Hillman_____
      NOEL L. HILLMAN
      United States District Judge

Dated: August 31, 2016
At Camden, New Jersey