UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
LAWRENCE BELL,                      :
                                    :
          Petitioner,               :   Civ. No. 15-5497 (NLH)
                                    :
     v.                             :   OPINION
                                    :
PATRICK NOGAN, et al.,              :
                                    :
          Respondents.              :
_____:

IT APPEARING THAT:

1. This matter is presently before the Court upon Petitioner Lawrence Bell's third Motion for a Stay of his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 28.)

2. In his previously dismissed second motion, Petitioner requested a stay in order

> to be able to include the claims raised in the motion to correct an illegal sentence in his one and all inclusive § 2254 petition. The claims raised in the pending State motion are that petitioner's sentence of Life serve [sic] 55 years is unconstitutional because New Jersey's sentencing scheme prohibits a sentencing judge's use of a petitioner's youthfulness as a mitigating factor for a fourteen year old juvenile waived up as an adult except [sic]; and that petitioner's sentence constitutes a de facto sentence of Life without parole.

(Second Mot. for a Stay 1-2, ECF No. 22.)

3. Petitioner asserted that he was raising these claims pursuant to the Supreme Court's holdings in Miller v. Alabama,

132 S. Ct. 2455 (2012), and Montgomery v. Louisiana, 136 S. Ct. 718 (2016), as revised (Jan. 27, 2016).

4. In its September 6, 2016 Opinion and Order, this Court found that a stay is not warranted because any claims pursuant to Miller are plainly without merit given the facts of Petitioner's case. (ECF Nos. 25, 26.) Specifically, in Miller the Supreme Court held that "a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders" violates the Eighth Amendment. 132 U.S. at 2469. In contrast, Petitioner in this case was not sentenced to life in prison without the possibility of parole. Rather, Petitioner was sentenced to life with a 55-year period of ineligibility.

5. Thus, this Court determined that the facts of the instant case are "not materially indistinguishable" from the facts of Miller and its progeny and, therefore, any habeas claim based on Miller would be meritless. (Sept. 6th Opinion 6-8.) Consequently, the Court denied the Second Motion for a Stay. (ECF Nos. 25, 26.)

6. Petitioner thereafter filed the instant third Motion for a Stay. (Third Mot. for a Stay, ECF No. 28.) Petitioner states that he is seeking a stay in order

> to be able to include the claims raised in the motion to correct an illegal sentence in his one and all inclusive § 2254 petition. The petitioner has previously advised the Court of the claims raised in the pending State motion

2

> during a previous motion for a stay and abeyance, and that petitioner's sentence of Life plus 50 years, serve 55 years is unconstitutional because New Jersey's sentencing scheme prohibits a sentencing judge's use of a petitioner's youthfulness as a mitigating factor for a fourteen year old juvenile waived up as an adult except; and that petitioner's sentence constitutes a de facto sentence of Life without parole. The New Jersey Supreme Court just decided in January 2017, the cases of State v. Zuber and State v. Comer, which were both combined addressing the Miller v. Alabama, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) and the holding in Montgomery v. Alabama, making the Miller decision retroactive. The New Jersey Supreme Court also made the cases retroactive and offered additional protections under the State Constitution, and also referred the matter to the State Legislature to create sentencing guidelines for juveniles waived up as adults, and to be resentenced. In order to pursue petitioner's claim that his sentence was imposed in a manner where the sentencing judge did not consider petitioner's youthfulness as a mitigating factor and to fully exhaust his claim to include in his one and all inclusive petition this claim now pending in the Superior Court of New Jersey - Law Division, Camden County, petitioner would need a stay and abeyance.

(Id.)

7. It appears that Petitioner is seeking a stay, and requesting permission to amend his Petition[1], to raise the exact claims for which this Court previously denied him a stay, but he

---

[1] As with his Second Motion for a Stay, Petitioner has not sought permission to amend his Petition. However, for purposes of this Motion only, the Court will assume that he has sought, and would receive, such permission.

believes that recent New Jersey Supreme Court cases change the circumstances. Despite his reliance on the recent New Jersey Supreme Court cases, Petitioner is still ultimately seeking a stay to exhaust claims pursuant to the holdings in Miller and Montgomery. That request has already been denied in this Court's September 6, 2016 Opinion and Order and will not be revisited here. (ECF Nos. 25, 26.)

8. Moreover, to the extent Petitioner is requesting a stay so he can exhaust claims alleging that his sentence is in violation of the New Jersey Supreme Court's holdings in State v. Zuber and State v. Comer, 152 A.3d 197 (N.J. 2017), or based on a change to New Jersey criminal statutes,[2] that request would also be denied because any such claims are not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law"); Ross v. District Attorney of the Cty. of Allegheny, 672 F.3d 198, 207 n. 5 (3d Cir. 2012) (citing Estelle). See also 28 U.S.C. § 2254(d)(1) ("[a]n application for a writ of habeas corpus on behalf of a

---

[2] Petitioner appears to make this argument in his subsequently filed "Motion to Amend his Motion to Stay." (ECF No. 30.) Specifically, he appears to be seeking to a stay to exhaust a claim that his sentence is in violation of revised N.J.S.A. § 2A:4A-26.1, which raised the minimum age for waiver from 14 years old to 15 years old and was made retroactive by the Appellate Division in State in Interest of J.F., 140 A.3d 564 (N.J. Super. Ct. App. Div. 2016).

4

person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim…resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established <u>Federal</u> law, as determined by the Supreme Court of the United States…")(emphasis added).  However, as noted by the Respondent, Petitioner is certainly free to seek relief on these grounds in the state courts.

    9.   For the reasons stated above, Petitioner's third Motion for a Stay will be denied.  An appropriate order follows.


Dated: <u>September 29, 2017</u>      <u>s/ Noel L. Hillman</u>
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.