UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                              :
LAWRENCE BELL,                :
                              :
        Petitioner,          :    Civ. No. 15-5497 (NLH)
                              :
   v.                        :    OPINION
                              :
PATRICK NOGAN,               :
                              :
        Respondent.          :
_____:
```

APPEARANCES:
Lawrence Bell, No. 115854/858703B
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065
    Petitioner Pro Se

Robin A. Hamett
Camden County Prosecutor's Office
25 North Fifth Street
Camden, NJ 08102
    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Lawrence Bell, a prisoner presently confined at

East Jersey State Prison in Rahway, New Jersey, filed a Petition

for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging

his 1992 New Jersey state court conviction.  ECF No. 1.

Respondent filed an Answer raising as an affirmative defense the

statute of limitations, arguing that the Petition is untimely.

ECF No. 19.  Petitioner filed no reply.  For the reasons

discussed below, the Court will dismiss the Petition as time-

barred under 28 U.S.C. § 2244(d).

## I.   BACKGROUND

In 1992, Petitioner was convicted by jury in New Jersey
state court of the offenses of murder, felony murder,
kidnapping, robbery, conspiracy to commit robbery, possession of
a weapon, unlawful possession of a weapon, and sexual assault.
ECF No. 1, Pet. at 3.  Petitioner filed a direct appeal, and his
conviction became final on September 5, 1996, ninety (90) days[1]
after the New Jersey Supreme Court denied his Petition for
Certification on June 5, 1996.  Id. at 4.

Petitioner did not file his state court petition for post-
conviction relief until July 2, 1997--299 days after his
conviction became final.  See id. at 5; ECF No. 19, Ans. at 32.
His PCR petition was denied on November 19, 1999.  ECF No. 1,
Pet. at 5.  On January 24, 2002, the Appellate Division affirmed
the denial of his PCR petition.  Id. at 23.  Petitioner filed a
timely petition for certification with the New Jersey Supreme
Court, which was denied on April 29, 2002.  Id.

Three hundred and fifty-seven (357) days after the New
Jersey Supreme Court denied the petition for certification,
Petitioner filed his first petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254 in this court on April 22, 2003.
See No. 03-cv-1841, Dkt. No. 1.  In answering that petition, the

---

[1] The ninetieth day fell on September 3, a Sunday.  The next day,
September 4, was a federal holiday, Labor Day.

respondent therein argued that the petition was time-barred. See ECF No. 19, Ans. at 10; No. 03-cv-1841, Dkt. 9.  The court, however, did not decide the issue of timeliness because the petitioner wrote a letter to the court requesting that the petition be dismissed without prejudice.  See ECF No. 19, Ans. at 10-11; No. 03-cv-1841, Dkt. No. 10.  The court dismissed that petition without prejudice on November 14, 2003.  See ECF No. 1, Pet. at 23; No. 03-cv-1841, Dkt. No. 11.

Thereafter, Petitioner filed a second PCR petition on August 18, 2004.  ECF No. 1, at 6.  Because it is unnecessary to the Court's analysis of the timeliness issue, the Court will dispense with outlining the intermediary dates of the second PRC petition and appeals.  Petitioner's robust efforts regarding his second PCR petition and other related motions concluded on September 9, 2014, when the New Jersey Supreme Court denied Petitioner's petition for certification.  ECF No. 1, Pet. at 23.

Two hundred and ninety-four days after his petition for certification was denied, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  The Court issued an order to answer, and on March 21, 2016, the Respondent filed an Answer with supporting exhibits, raising, inter alia, the timeliness of the Petition.  ECF No. 19.  Petitioner did not file a reply to the Answer.

3

## II.  DISCUSSION

The governing statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is found at 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  See also Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."  The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the

4

ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012).

Here, the New Jersey Supreme Court denied Petitioner's petition for certification on direct appeal on June 5, 1996.  He did not file a petition for writ of certiorari in the Supreme Court of the United States, so his conviction became final ninety days later, i.e. on September 5, 1996.  He did not file his PCR petition until after the expiration of the time for filing a petition for writ of certiorari with the Supreme Court of the United States, and thus his habeas statute of limitations began to run on September 6, 1996.  See 28 U.S.C. § 2244(d)(1)(a).

Two hundred and ninety-nine days later, Petitioner filed his PCR petition on July 2, 1997.  At this point, his federal habeas statute of limitations begins to toll pursuant to 28 U.S.C. § 2244(d)(2).  The Appellate Division of the New Jersey Superior Court affirmed the denial of his PCR petition on January 24, 2002.  Petitioner then filed a timely a petition for certification with the New Jersey Supreme Court after the proper time for doing so expired.  The New Jersey Supreme Court denied his petition for certification April 29, 2002.  At this point, the statute of limitations began to run again.  See id.

Petitioner then waited 357 days to file his first federal habeas petition.  After that petition was dismissed without prejudice and his second round of PCR petition and related motions concluded, Petitioner waited 294 days to file the instant Petition.

The untolled periods of time between when Petitioner's conviction became final and when he filed the instant Petition, excluding his second PCR petition process and appeals,[2] amount to 950 days, well over the one-year statute of limitations provided in § 2244(d)(1).  Petitioner did not file a reply to the Respondent's Answer, despite having been provided forty-five days in which to do so by Order of Court, ECF No. 3, and has made no argument regarding the timeliness of his Petition.  Accordingly, the Petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.

In Holland v. Florida, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis.  560 U.S. 631, 649–50 (2010).  See Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013).  A litigant seeking equitable tolling bears the burden of

---

[2] Petitioner's second PCR petition appeals and related motions span over a decade, and the calculation of tolled and untolled time during this period would be inefficient and unnecessary to the disposition of the Petition's timeliness.

establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). See also Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted). See also Alicia v. Karestes, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

The court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. Holland, 560 U.S. at 651 (citations omitted). See also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava, 398 F.3d at 275-276. See also Holland, 560 U.S. at 648-49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

Indeed, extraordinary circumstances have been found only where (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225,

8

230 (3d Cir. 2005).  Nevertheless, it must be restated that,
even where extraordinary circumstances do exist, "if the person
seeking equitable tolling has not exercised reasonable diligence
in attempting to file after the extraordinary circumstances
began, the link of causation between the extraordinary
circumstances and the failure to file is broken, and the
extraordinary circumstances therefore did not prevent timely
filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003)
(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

     Petitioner has twice been on notice regarding the
untimeliness of his federal habeas petitions.  First, during his
original habeas petition in which the respondent raised the
habeas statute of limitations as a defense, and now in
Respondent's Answer, where Respondent makes the same argument
for dismissal.  Here, Petitioner had an opportunity to respond
to the Answer, see ECF No. 3, but has offered no explanation for
the delay in bringing his federal habeas petitions which would
allow this Court to consider equitable tolling.  Furthermore,
the Court has reviewed Petitioner's filings and sees no
circumstances which could potentially trigger equitable tolling.

     Nonetheless, in an exercise of caution, the Court will
dismiss the Petition without prejudice.  Petitioner will have
thirty (30) days in which to present the Court with any argument

he wishes to make regarding equitable tolling.  Failure to do so will result in the Petition being dismissed with prejudice.

## III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citation omitted), cited in United States v. Williams, 536 F. App'x 169, 171 (3d Cir. 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484

(2000), cited in <u>Kaplan v. United States</u>, No. 13-2554, 2013 WL 3863923, *3 (D.N.J. July 24, 2013).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  No certificate of appealability shall issue.

## IV.  Conclusion

For the reasons set forth above, this Court finds that the § 2254 habeas petition should be dismissed as untimely filed under 28 U.S.C. § 2244(d), and a certificate of appealability will not issue accordingly.  Petitioner will be afforded thirty (30) days to make any application to re-open the matter based on equitable tolling.

An appropriate Order follows.


Dated: March 22, 2018                 s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN
                              United States District Judge


11